**Seyfarth**

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York 10018

**T** (212) 218-5500

**F** (212) 218-5526

jdinapoli@seyfarth.com

T (212) 218-3355

www.seyfarth.com

May 29, 2026

<u>**VIA ECF**</u>

Hon. Margo K. Brodie
United States Chief District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    <u>Duprez v. Docusign, Inc., No. 26-cv-01078-MKB-VMS</u>

Dear Judge Brodie:

This firm represents the defendant, Docusign, Inc. ("Docusign"). We write in accordance with Rule 3(A)(i) of Your Honor's Individual Practices and Rules to respectfully request a pre-motion conference in connection with Docusign's anticipated motion to compel arbitration of Plaintiff Giselle Duprez's state-law claim and stay this action pending arbitration.

<u>Basis for the Anticipated Motion</u>

Duprez agreed to arbitrate certain claims she may have against Docusign when she joined the company. In Duprez's offer letter, Docusign notified her that she would be expected to sign and comply with an At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement. Duprez signed her offer letter, and this document, on May 11, 2022.

The arbitration portion of the parties' agreement provides, as applicable to New York employees:

> You and the Company agree to submit to mandatory binding arbitration, governed by the Federal Arbitration Act ("FAA"), any and all claims arising out of or related to your employment with the Company and the termination thereof, . . . based upon any federal, state or local ordinance, statute, regulation or constitutional provision . . . .

Duprez brings two causes of action against Docusign. The first is under the Corporate and Criminal Fraud Accountability Act of 2002, 18 U.S.C. § 1514A ("Title VIII of the Sarbanes-Oxley Act"). Am. Compl. ¶¶ 6, 96-99. The second is under Section 740 of the New York Labor Law. Am. Compl. ¶¶ 6, 100-103. Both of these statutes apply to alleged whistleblower retaliation.

325687096v.2



Duprez's claim under Title VIII of the Sarbanes-Oxley Act is not subject to arbitration.  18 U.S.C. § 1514A(e)(1).  Duprez's state-law claim under New York Labor Law § 740 is subject to arbitration, however.

The Supreme Court has held, "when a complaint contains both arbitrable and nonarbitrable claims, the [FAA] requires courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel."  *KPMG LLP v. Cocchi*, 565 U.S. 18, 22 (2011) (internal quotation omitted).  In compelling arbitration, courts look to whether the parties agreed to arbitrate, and, if so, whether the scope of that agreement covers the claims at issue. *Abdullayeva v. Attending Homecare Servs. LLC*, 928 F. 3d 218, 221-22 (2d Cir. 2019).  Whether the agreement covers the claims at issue is viewed broadly, with any doubts resolved "in favor of arbitration."  *Id.* at 222 (internal quotation and citation omitted).

Here, the Arbitration Agreement makes it clear that Duprez agreed to arbitrate "... any and all claims arising out of or related to [Duprez's] employment and the termination thereof." Duprez electronically signed both her offer letter that referenced the Arbitration Agreement and the document that contained the Arbitration Agreement itself on the same day, May 11, 2022. Duprez's state-law claim against Docusign for alleged whistleblower retaliation "aris[es] out of" and "relate[s] to" her employment with Docusign and her purported constructive discharge. Specifically, Duprez alleges she made internal complaints regarding a purported data migration during her employment.  Am. Compl. ¶¶ 59-62.  She alleges Docusign was required to make certain notifications and disclosures concerning this purported migration, but did not.  Am. Compl. ¶¶ 3, 32, 97, 101.  Because of this, Duprez took a leave of absence and claims she was unable to return to work following her leave because Docusign did not remedy its purported conduct.  Am. Compl. ¶¶ 82-86.  She claims this violated New York Labor Law § 740 (retaliatory action by employers; prohibition) and Title VIII of the Sarbanes-Oxley Act.

Duprez's claim under New York Labor Law § 740 is based upon a "state . . . statute," as covered by the parties' Arbitration Agreement.  Accordingly, Docusign anticipates moving to compel arbitration of Duprez's state-law claim, dismissing or staying that claim pending arbitration, and asking the Court to stay Duprez's remaining federal claim pending arbitration. *See Shehadeh v. Horizon Pharma USA, Inc.*, 2021 U.S. Dist. LEXIS 174508, at *1 (S.D.N.Y. Sep. 14, 2021) (granting motion to compel arbitration of claim made under New York Labor Law § 740)*; Anderson v. Salesforce.com, Inc.,* No. 18-cv-06712-PJH, 2018 U.S. Dist. LEXIS 215288, at *7 (N.D. Cal. Dec. 21, 2018) (compelling arbitration of the plaintiff's state law claims and staying the entire action, which included a claim under the Sarbanes-Oxley Act not subject to arbitration, "because [the] plaintiff's claims all arise from the same conduct and because allowing the arbitration to resolve will simplify issues of law or questions of fact in future proceedings"); *Hansen v. Musk*, 2020 U.S. Dist. LEXIS 125573, 2020 WL 4004800, at *22 (D. Nev. July 15, 2020) (same).

Conclusion

Because Duprez agreed to arbitrate her New York Labor Law claim against Docusign, we respectfully request a pre-motion conference in connection with Docusign's anticipated motion to compel arbitration of that claim and stay the case pending arbitration.

325687096v.2



Hon. Margo K. Brodie
May 29, 2026
Page 3

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ John DiNapoli*

John DiNapoli

cc:      All Counsel of Record

325687096v.2