UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GISELE DUPREZ,<br><br>Plaintiff,<br><br>- against -<br><br>DOCUSIGN, INC.,<br><br>Defendant. | : | No. 26-cv-01078-MKB-VMS |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND FOR A STAY**


SEYFARTH SHAW LLP

Christopher Robertson
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210-2028
Tel: (617) 946-4989
crobertson@seyfarth.com

Howard Wexler
John DiNapoli
620 Eighth Avenue
New York, New York 10018
Tel: (212) 218-5500
hwexler@seyfarth.com
jdinapoli@seyfarth.com

*Attorneys for Defendant Docusign, Inc.*

**TABLE OF CONTENTS**

Table of Authorities ........ ii

I. Duprez's "Factual Background" Is Notable For What She Does Not Allege ........ 1

II. The Arbitration Provision Is Fully Enforceable ........ 2

A. Because Duprez Does Not Dispute That She Signed The Arbitration Agreement, Her Challenges Are To Be Decided By An Arbitrator, Not The Court ........ 3

B. The Arbitration Agreement Is Not Void ........ 3

C. The Arbitration Agreement Is Not Unconscionable ........ 5

D. Docusign Did Not Waive Its Right to Enforce the Arbitration Agreement ........ 7

III. The Court Should Stay The Entire Matter Pending Arbitration ........ 8

IV. Conclusion ........ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alderson v. DeVere USA, Inc.*,
No. 18 CIV. 5081 (JFK), 2018 WL 3756451 (S.D.N.Y. July 24, 2018)....................................3

*Anderson v. Salesforce.com, Inc.*,
No. 18-CV-06712-PJH, 2018 WL 6728015 (N.D. Cal. Dec. 21, 2018)..............................4, 10

*Bensadoun v. Jobe-Riat*,
316 F.3d 171 (2d Cir. 2003)....................................................................................................9

*Brennan v. Bally Total Fitness*,
198 F. Supp. 2d 377 (S.D.N.Y. 2002).......................................................................................6

*Brown v. Peregrine Enters., Inc.*,
No. 22-2959, 2023 WL 8800728 (2d Cir. Dec. 20, 2023).........................................................7

*Cortese v. Edge Sols., Inc.*,
No. 04-CV-956 (DRH)(ARL), 2005 WL 1804472 (E.D.N.Y. July 28, 2005)..........................4

*Cruz v. DocuSign, Inc.*,
No. 3:23-CV-1083-M-BN, 2024 WL 495953 (N.D. Tex. Jan. 22, 2024) ...............................10

*Desarrolladora La Ribera v. Anderson*,
No. 24-CV-67 (LAK) (BCM), 2024 WL 5186600 (S.D.N.Y. Dec. 20, 2024)......................8, 9

*Endresen v. Banc of Cal., Inc.*,
2018 WL 11399501 (C.D. Cal. Sept. 20, 2018) .......................................................................10

*Etienne v. Barclays Bank*,
No. 18-CV-5168, 2019 WL 3325841 (S.D.N.Y. July 24, 2019)................................................5

*Garnes v. Pritchard Indus., Inc.*,
2023 WL 3980693 (S.D.N.Y. May 23, 2023) ...........................................................................8

*Gilbert v. Dell Techs., Inc.*,
415 F. Supp. 3d 389 (S.D.N.Y. 2019).......................................................................................6

*Hansen v. Musk*,
No. 3:19-CV-00413-LRH-WGC, 2020 WL 4004800 (D. Nev. July 15, 2020)..................4, 10

*Isaacs v. OCE Bus. Servs., Inc.*,
968 F. Supp. 2d 564 (S.D.N.Y. 2013).......................................................................................6

*Jones v. Landry's, Inc.*,
No. 1:23-CV-9920-GHW, 2025 WL 1527307 (S.D.N.Y. May 29, 2025) ................................8

*Lawrence v. NYC Med. Prac., P.C.*,
No. 1:18-cv-8649 (GHW), 2023 WL 4706126 (S.D.N.Y. July 21, 2023) ................................8

*McLaughlin v. Advanced Commc'ns, Inc.*,
No. CV092311SJFETB, 2010 WL 11626961 (E.D.N.Y. Mar. 25, 2010)................................6

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
473 U.S. 614 (1985)................................3, 4

*Morgan v. Sundance, Inc.*,
596 U.S. 411 (2022)................................8

*Morris v. Snappy Car Rental, Inc.*,
84 N.Y.2d 21 (1994) ................................5

*Murray v. UBS Sec., LLC*,
No. 14 CIV. 927 KPF, 2015 WL 769586 (S.D.N.Y. Feb. 24, 2015)................................9, 10

*Nielsen v. AECOM Tech. Corp.*,
762 F.3d 214 (2d Cir. 2014)................................9

*Padmore v. SDH Servs. W., LLC*,
No. 24-CV-6872 (AMD) (TAM), 2025 WL 2783191 (E.D.N.Y. Sept. 30, 2025) ................................3, 5

*People v. N. Leasing Sys., Inc.*,
169 A.D.3d 527 (1st Dep't 2019) ................................7

*Sablosky v. Edward S. Gordon Co.*,
73 N.Y.2d 133 (1989) ................................5, 7

*Tong v. S.A.C. Capital Management, LLC*,
835 N.Y.S.2d 881 (N.Y. Sup. Ct. 2007)................................5

*Velez v. Credit One Bank*,
No. 15-CV-4752, 2016 WL 324963 (E.D.N.Y. Jan. 25, 2016)................................6

**Statutes**

18 U.S.C. § 1514A................................4

N.Y. Lab. Law § 740 ................................10

**Other Authorities**

JAMS Employ. Arb. Rules & Procs. R. 11(b)................................3

Defendant Docusign, Inc. ("Docusign") respectfully submits this Reply Memorandum of Law in Further Support of Its Motion to Compel Arbitration and For a Stay.

## I. DUPREZ'S "FACTUAL BACKGROUND" IS NOTABLE FOR WHAT SHE DOES NOT ALLEGE

Plaintiff Gisele Duprez's purported retaliation claims are extraordinarily weak. She spends several pages retelling her allegations, surmising violations and purported misconduct at every turn. Pl.'s Brief at 3-7. Her allegations, however, are most notable for what she does *not* allege.

Duprez worked for Docusign in a sales position. Am. Compl. ¶ 13. Duprez is not a lawyer and has never worked in engineering or information technology roles. Am. Compl. ¶¶ 17-21 (titled "Duprez's Background"). In late May 2025, Duprez learned about a purported data migration from a co-worker during a work trip. Am. Compl. ¶¶ 54-55. She believed that this data migration caused certain clients to be out of compliance with data management and security regulations. Am. Compl. ¶ 57.

In early June 2025, when Duprez returned from her work trip, she contacted an individual working in Docusign's legal department about her concerns. Am. Compl. ¶ 60. This was then discussed among Duprez, her managers, and Docusign's in-house lawyers during meetings that took place over the course of "the next few weeks." Am. Compl. ¶ 62. Duprez alleges that Docusign did not act quickly enough and in the manner she recommended. Am. Compl. ¶¶ 64-65. In late June 2025, Duprez began a medical leave because of stress. Am. Compl. ¶¶ 82-84. Duprez extended her medical leave to the end of December 2025, then quit. Am. Compl. ¶¶ 84, 94. Duprez speculates that her concerns were valid, Docusign failed to adequately address them, and she would have been forced to participate in the purported misconduct had she returned from medical leave. Am. Compl. ¶ 90. These are her *entire* purported retaliation claims.

What is telling are the allegations that Duprez never makes:

- Duprez *does not allege* that Docusign affected any term or condition of her employment. *See* Am. Compl. ¶¶ 82-95.
- Duprez *does not allege* that she has any knowledge of how Docusign addressed any issue noted in her Amended Complaint with its customers. *See id.*
- Duprez *does not allege* that any customer terminated its contract with Docusign based on any issue noted in her Amended Complaint. *See id.*
- Duprez *does not allege* that any customer made corrections to any public disclosures in connection with any issue noted in her Amended Complaint. *See id.*
- Duprez *does not allege* she had any contact with anyone working at Docusign during her five-month medical leave before she quit. *See id*.

After leaving Docusign in late June 2025, Duprez did not return to work. As a result, she lacks personal knowledge regarding what occurred after her departure, including how Docusign addressed her concerns, how it communicated with customers regarding any migration efforts, whether the migration ultimately occurred, and whether it was completed without incident. She has no knowledge of whether any of the issues she claims she raised still existed, or what her working conditions would have been had she returned.

## II. THE ARBITRATION PROVISION IS FULLY ENFORCEABLE

Duprez concedes that she electronically signed the At-Will Employment Agreement, which contains the Arbitration Agreement.[1] Pl.'s Brief at 8-9 ("Duprez does not dispute that she signed the Employment Agreement, which includes the arbitration clause at issue here."). Instead, Duprez argues that the Arbitration Agreement is void and unconscionable. Pl.'s Brief at 8-13. These are issues for the arbitrator to decide, not the Court. Even if the Court were to consider Duprez's arguments, they fail as a matter of law.

---

[1] Unless otherwise noted, Docusign uses the terms previously defined in its opening brief.

### A. Because Duprez Does Not Dispute That She Signed The Arbitration Agreement, Her Challenges Are To Be Decided By An Arbitrator, Not The Court

The Arbitration Agreement incorporates the JAMS Employment Arbitration Rules and Procedures. Wolfe Decl. Ex. B at 23 ("The arbitration shall be conducted . . . , in accordance with the JAMS employment arbitration rules then in effect, provided however, that the FAA, including its procedural provisions for compelling arbitration, shall govern and apply to this arbitration agreement."). Rule 11(b) provides that "arbitrability disputes, including disputes over . . . interpretation or scope . . . shall be submitted to and ruled on by the Arbitrator." JAMS Employ. Arb. Rules & Procs. R. 11(b) (effective June 1, 2021). Incorporation of these rules is sufficient to delegate to the arbitrator the inquiry of whether the Arbitration Agreement is unconscionable or void. *Padmore v. SDH Servs. W., LLC*, No. 24-CV-6872 (AMD) (TAM), 2025 WL 2783191, at *8 (E.D.N.Y. Sept. 30, 2025) (holding disputes regarding the validity of an arbitration agreement, including claims of unconscionability, are to be resolved by an arbitrator where the parties incorporate Rule 11(b) of the JAMS Employment Arbitration Rules and Procedures); *see Alderson v. DeVere USA, Inc.*, No. 18 CIV. 5081 (JFK), 2018 WL 3756451, at *2 (S.D.N.Y. July 24, 2018) (arguments that an arbitration agreement is void is a matter of arbitrability to be resolved by an arbitrator).

### B. The Arbitration Agreement Is Not Void

Duprez's argument that the Arbitration Agreement is void because it did not expressly exempt claims under Title VIII of the Sarbanes-Oxley Act, Pl.'s Brief at 9-10, is wrong. An arbitration agreement is not required to list all statutes subject to arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985) (holding that an arbitration agreement does not need to specifically mention the statute giving rise to the claim in order to be

arbitrable). It is likewise not required to list all statutory exceptions, *see id.*, and Duprez's cases do not hold to the contrary.

Duprez's reliance on *Cortese v. Edge Sols., Inc.*, No. 04-CV-956 (DRH)(ARL), 2005 WL 1804472 (E.D.N.Y. July 28, 2005), is misplaced. There, the plaintiff argued that the entire contract was void under the Credit Repair Organization Act. The court noted that, when determining whether a contract violating a federal statute is void, courts often examine whether Congress expressly provided that contracts violating the statute are void or unenforceable. *Id.* at *4. The Credit Repair Organization Act contained precisely that type of language, providing that contracts violating certain statutory requirements were "void" and could not be enforced. *Id.* at *5. Because the plaintiff alleged that the entire agreement was void under a statute containing an express voidness provision, the court determined that it first had to address that issue. *Id.*

No comparable provision exists here. Section 1514A(e)(1) of the Sarbanes-Oxley Act provides only that a predispute arbitration agreement is not valid or enforceable to the extent it requires arbitration of a Sarbanes-Oxley retaliation claim. 18 U.S.C. § 1514A(e)(1). It does not provide that an employment agreement or arbitration agreement is void in its entirety. Thus, unlike *Cortese*, there is no statutory basis for declaring the Arbitration Agreement void.

Other courts have reached the same conclusion and none have voided entire arbitration agreements because it did not expressly carve-out retaliation claims under the Sarbanes-Oxley Act. *See, e.g., Anderson v. Salesforce.com, Inc.*, No. 18-CV-06712-PJH, 2018 WL 6728015, at *2 (N.D. Cal. Dec. 21, 2018) (staying claims brought under Title VIII of the Sarbanes-Oxley Act where the plaintiff agreed "'to resolve by arbitration all claims or controversies, past, present or future' that he may have against the Company"); *Hansen v. Musk*, No. 3:19-CV-00413-LRH-WGC, 2020 WL 4004800, at *1 (D. Nev. July 15, 2020) (the plaintiff agreed that "any and all

disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law by final, binding and confidential arbitration").

### C. The Arbitration Agreement Is Not Unconscionable

Courts routinely enforce arbitration agreements that are contained in offer letters or are made as a condition of employment. *Etienne v. Barclays Bank*, No. 18-CV-5168, 2019 WL 3325841, at *2 (S.D.N.Y. July 24, 2019) (noting "[c]ourts consistently compel arbitration of employment claims pursuant to valid arbitration agreements in offer letters" and collecting cases). "[A] promise of employment is sufficient consideration for an arbitration agreement." *Padmore*, 2025 WL 2783191, at *6 (*citing Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 241 (S.D.N.Y. 2020)).

Duprez's arguments that the Arbitration Agreement was procedurally unconscionable because it gave her three days to review, she could not negotiate its terms or opt-out, and it did not tell her to consult with counsel, Pl.'s Brief at 12, all fail. *Morris v. Snappy Car Rental, Inc.*, 84 N.Y.2d 21, 30 (1994) (refusing to find an agreement containing an arbitration clause procedurally unconscionable when the plaintiff was a high school graduate who attended some college and when the plaintiff was not prevented from reading the agreement or asking questions about it); *Sablosky v. Edward S. Gordon Co.*, 73 N.Y.2d 133, 139 (1989) (finding that it was not procedurally unconscionable for real estate brokerage firm to include as a condition of employment an agreement to arbitrate claims); *Tong v. S.A.C. Capital Management, LLC*, 835 N.Y.S.2d 881, 889 (N.Y. Sup. Ct. 2007) (finding that employment contract containing arbitration

clause was not an adhesion contract because "[the plaintiff] always had the option to walk away from the job offer").[2]

Duprez's argument that the Arbitration Agreement is substantively unconscionable because Docusign can seek injunctive relief in court, Pl.'s Brief at 13, also fails.[3] Duprez fails to mention that the Arbitration Agreement allows either party to seek injunctive relief. Wolfe Decl. Ex. A at 23 (". . . except that each party may, at its, his or her option, seek injunctive relief in court related to the improper use, disclosure or misappropriation of a party's private, proprietary, confidential or trade secret information."). Because the provisions in the Arbitration Agreement apply to both parties equally, it cannot be substantively unconscionable. *Isaacs v. OCE Bus. Servs., Inc.*, 968 F. Supp. 2d 564 (S.D.N.Y. 2013) (holding the arbitration policy was not substantively unconscionable "[w]hen both an employer and its employees are bound to an agreement to arbitrate, when the terms of the agreement are equally applicable to both parties, and when the employer bears any unreasonable cost of the arbitration, the arbitration agreement is not unreasonably favorable to the employer").

The cases Duprez cites are all inapposite. In *Brennan v. Bally Total Fitness*, 198 F. Supp. 2d 377, 383 (S.D.N.Y. 2002), the employer gave its employees "no more than fifteen minutes to review a sixteen-page single-spaced document" and threatened that employees who did not sign would not be promoted. In *McLaughlin v. Advanced Commc'ns, Inc.*, No. CV092311SJFETB,

---

[2] *See also Gilbert v. Dell Techs., Inc.*, 415 F. Supp. 3d 389, 399 (S.D.N.Y. 2019) ("It is not unconscionable to require the plaintiff to arbitrate in accordance with the terms of the arbitration policy that the plaintiff agreed to and which the defendant seeks to enforce without any changes."); *Velez v. Credit One Bank*, No. 15-CV-4752, 2016 WL 324963, at *4-6 (E.D.N.Y. Jan. 25, 2016) (rejecting the plaintiff's argument that the arbitration agreement is unconscionable where "[t]he terms of the arbitration agreement b[ou]nd both parties").

[3] Duprez also argues that the Arbitration Agreement is substantially unconscionable because it prevents her from pursuing her federal claim under the Sarbanes-Oxley Act in court. Pl.'s Brief at 13. Docusign addresses this argument in Section II(B), *supra*. It remains unclear how Duprez can claim that the Arbitration Agreement prevents her from litigating her federal retaliation claim in court – when she *is* litigating her federal retaliation claim in court.

2010 WL 11626961, at *3 (E.D.N.Y. Mar. 25, 2010), *report and recommendation adopted*, No. CV-09-2311(SJF)(ETB), 2010 WL 11626962 (E.D.N.Y. Apr. 15, 2010), the plaintiff alleged that he was not given an opportunity to review the arbitration agreement before he signed it. Here, Docusign gave Duprez several days to consider the Arbitration Agreement. Duprez only speculates that this was insufficient. Pl.'s Brief at 12-14. She does not claim she did not understand the terms or asked Docusign for additional time. *See id.* In fact, she signed the At-Will Employment Agreement, which contained the Arbitration Agreement, the day after she received it.[4]

In Duprez's other two cases, Pl.'s Brief at 12, one compelled arbitration and the other did not involve an arbitration agreement at all. In *Sablosky v. Edward S. Gordon Co.*, 73 N.Y.2d 133 (1989), the Court of Appeals reversed the appellate court, enforced the parties' arbitration agreement, and rejected the employee's claim of procedural unconscionability. It noted "almost all employment contracts are prepared by the employer; [and] that circumstance cannot render the arbitration clause contained in the contract unconscionable." *Sablosky*, 73 N.Y.2d at 139. Nor does *People v. N. Leasing Sys., Inc.*, 169 A.D.3d 527, 530 (1st Dep't 2019), help Duprez because it did not involve an arbitration agreement.

### D. Docusign Did Not Waive Its Right to Enforce the Arbitration Agreement

The Second Circuit analyzes whether a party has waived its right to arbitration by determining "whether a party knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right." *Brown v. Peregrine Enters., Inc.*, No. 22-2959, 2023 WL 8800728, at *3 (2d Cir. Dec. 20, 2023) (summary order). Duprez's argument that Docusign

---

[4] The record reflects that Duprez received the offer letter on May 10, 2022 and signed it the following day. Wolfe Decl. Ex. A. Moreover, Duprez alleges that she has more than 25 years of professional sales experience managing enterprise accounts and negotiating significant customer relationships. Am. Compl. ¶¶ 20, 30(c), 36, 41.

somehow waived its right to compel arbitration because it "did not take a position as to whether it would seek arbitration of Duprez's Labor Law claim," Pl.'s Brief at 11,[5] is wrong.

Duprez filed a Complaint, ECF No. 1, then an Amended Complaint, ECF No. 9. Docusign moved to compel arbitration in lieu of filing an answer at the earliest time it could. This forecloses Duprez's "waiver" argument. *See Jones v. Landry's, Inc.*, No. 1:23-CV-9920-GHW, 2025 WL 1527307, at *8 (S.D.N.Y. May 29, 2025) (holding the defendants did not waive the right to arbitrate because "[they] first requested leave to file a motion to compel arbitration . . . [on the day they] were required to answer or otherwise respond to the complaint"); *Lawrence v. NYC Med. Prac., P.C.*, No. 1:18-cv-8649 (GHW), 2023 WL 4706126, at *14 (S.D.N.Y. July 21, 2023) ("Defendants sought to hold Plaintiffs to any relevant arbitration agreements at the earliest possible time, and thereafter moved to compel arbitration as soon as could reasonably be expected.").[6]

## III. THE COURT SHOULD STAY THE ENTIRE MATTER PENDING ARBITRATION

Duprez's allegations matter when the Court considers issuing a stay pending arbitration. Docusign does not have a "heavy burden" and does not need to show a "necessity for a stay," as Duprez suggests, Pl.'s Brief at 5. *Desarrolladora La Ribera v. Anderson*, No. 24-CV-67 (LAK) (BCM), 2024 WL 5186600, at *15 (S.D.N.Y. Dec. 20, 2024) (stating legal standard for issuing a stay) "Broad stay orders are particularly appropriate if the arbitrable claims predominate the lawsuit and the nonarbitrable claims are of questionable merit." *Garnes v. Pritchard Indus., Inc.*,

[5] *See also* Decl. of J. Iadevaia Ex. A at 1 (noting Docusign "is not in a position to determine whether it would seek to compel arbitration of [Duprez's] state law claim" because Duprez did not send a draft complaint to it).

[6] Duprez argues she was prejudiced because her decision to include the state law claim caused the parties to engage in this motion practice. Pl.'s Brief at 11. Duprez could have agreed to submit her claim to arbitration or not oppose this portion of Docusign's motion. In any event, purported prejudice is no longer considered when evaluating waiver. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 422 (2022) (holding "prejudice is not a condition of finding that a party, by litigating too long, waived its right to stay litigation or compel arbitration under the FAA").

2023 WL 3980693, at *7 (S.D.N.Y. May 23, 2023), *report and recommendation adopted*, No. 2023 WL 3977882 (S.D.N.Y. June 13, 2023) (internal quotation and citation omitted). This is such a case.

To state a claim under Title VIII of the Sarbanes-Oxley Act, Duprez must establish "(1) [] she engaged in a protected activity; (2) [Docusign] knew that [] she engaged in the protected activity; (3) [] she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action." *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 219 (2d Cir. 2014) (internal citation and quotation omitted).

Duprez's allegations are simple. She claims that Docusign did not act quickly enough to address an issue and did not follow her recommendations during a three to four week period. Am Compl. ¶¶ 54, 55, 60, 62, 65, 75. This caused her stress and to take a medical leave. Am. Compl. ¶¶ 76, 83, 84. Although she had no evidence of any of the conditions that would exist when she returned to work, she surmised she would be required to participate in misconduct if she returned to Docusign, so she quit. Am. Compl. ¶ 86. She did not suffer any "unfavorable personnel action," so her purported protected activity could not have been a contributing factor.[7] This supports granting a stay of her federal claim. *See Anderson*, 2024 WL 5186600, at *25 (noting "a stay will preserve both judicial and party resources, guard against duplicative discovery . . . , and avoid possible inconsistent results").

Duprez's argument under *Murray v. UBS Sec., LLC*, No. 14 CIV. 927 KPF, 2015 WL 769586 (S.D.N.Y. Feb. 24, 2015), Pl.'s Brief at 18, is not to the contrary. In *Murray*, the court

[7] Duprez's allegations need to be accepted as true for purposes of a motion to dismiss, but not in the context of a motion to compel arbitration, as the Court applies a standard closer to one for summary judgment. *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). Because Duprez's allegations rest on speculation, conjecture, and incorrect information, but need to be accepted as true on a motion to dismiss, Docusign has chosen to move to compel arbitration to resolve the core issues quickly, rather than move to dismiss the federal claim here, which Duprez would no doubt argue supports her "waiver" argument.

expressly noted that it was not a case where the arbitrable claims predominated the lawsuit and the nonarbitrable claims were of questionable merit. *Murray*, 2015 WL 769586, at *8. It dismissed the defendant's concerns over "inconsistent findings between the arbitration and the instant litigation" because of the plaintiff's "apparent lack of enthusiasm for proceeding with arbitration." *Id.* That is not the case here.

Duprez has not disavowed arbitration and based on her opposition, intends to pursue it. *See* Pl.'s Brief at 19-22. This would undoubtedly lead to disputes about issue preclusion. Also, *Murray* involved the arbitration of another federal claim, not a state-law claim, which favors issuing a stay. *Endresen v. Banc of Cal., Inc.*, 2018 WL 11399501, at *2 (C.D. Cal. Sept. 20, 2018) (distinguishing *Murray* and issuing a stay of a retaliation claim brought under the Sarbanes-Oxley Act because *Murray* involved the arbitration of a federal claim under Dodd-Frank, not state-law claims of whistleblower retaliation and wrongful termination). Because courts have enforced Docusign's Arbitration Agreement and stayed claims under Title VIII of the Sarbanes-Oxley Act pending arbitration of state-law claims, the same outcome is appropriate here. *See, e.g.*, *Cruz v. DocuSign, Inc.*, No. 3:23-CV-1083-M-BN, 2024 WL 495953 (N.D. Tex. Jan. 22, 2024), *report and recommendation adopted*, No. 3:23-CV-1083-M, 2024 WL 495272 (N.D. Tex. Feb. 8, 2024) (granting motion to compel arbitration); *Anderson*, 2018 WL 6728015 (compelling arbitration and staying retaliation claim under the Sarbanes-Oxley Act); *Hansen*, 2020 WL 4004800 (same); *Endresen*, 2018 WL 11399501, at *2 (same).

## IV. CONCLUSION

For all the foregoing reasons, the Court should (1) compel Duprez to arbitrate her claim under Section 740 of the New York Labor Law; and (2) stay this litigation pending arbitration of this claim.

Dated: New York, New York
August 18, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Christopher F. Robertson
Christopher F. Robertson

Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Tel: (617) 946-4989
Fax: (617) 790-6774
crobertson@seyfarth.com

By: /s/ John T. DiNapoli
John DiNapoli

Howard Wexler
620 Eighth Avenue
New York, New York 10018
Tel: (212) 218-5500
Fax: (212) 218-5526
hwexler@seyfarth.com
jdinapoli@seyfarth.com

*Attorneys for Defendant Docusign, Inc.*

327804412v.2